IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO SAMANO-MANCILLA, <br> ID # 30288-479, <br> Movant, <br> <br> v. <br> <br> UNITED STATES OF AMERICA, <br> Respondent. | § <br> § <br> § <br> §    No. 3:22-CV-2782-E-BK <br> §    No. 3:20-CR-492-E(1) <br> § <br> § <br> § <br> § |

## **MEMORANDUM OPINION AND ORDER**

Based on the relevant filings and applicable law, Pedro Samano-Mancilla's (Samano-Mancilla) *pro se Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on December 12, 2022 (doc. 2), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

### I.     BACKGROUND

Samano-Mancilla challenges his conviction and sentence in Cause No. 3:20-CR-492-E(1). The respondent is the United States of America (Government).

**A.**     **Conviction and Sentencing**

After being charged by complaint and indictment, Samano-Mancilla pled guilty under a plea agreement to one count of possession with the intent to distribute a controlled substance. (*See* docs. 1, 20, 31, 36.)[1] For purposes of sentencing, the United States Probation Office (USPO) prepared a pre-sentence investigation report (PSR). (*See* doc. 42-1.) Samano-Mancilla was held accountable in the PSR for 1,610.16 kilograms of converted drug weight based on quantities of cocaine, cocaine base or "crack," and cash drug proceeds from the underlying criminal

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:20-CR-492-E(1).

investigation.  (*See id.* at ¶¶ 17, 23.)  Based on a total offense level of 29 and a criminal history category of I, Samano-Mancilla's guideline range of imprisonment was 87 to 108 months.  (*See id.* at ¶ 57.)  The proposed guideline range remained unchanged after objections from the Government and PSR addenda issued by the USPO regarding the drug quantity amounts attributable to Samano-Mancilla.  (*See* docs. 45, 50-1, 51, 83-1.)  At the sentencing hearing, Samano-Mancilla's guideline range of imprisonment was reduced to 78 to 97 months.  (*See* doc. 101 at 11.)  By judgment dated May 13, 2022, Samano-Mancilla was sentenced to 97 months' imprisonment, to be followed by six years of supervised release.  (*See* doc. 85 at 1-3.)  He did not appeal the judgment.

**B.**     **Substantive Claims**

Samano-Mancilla's § 2255 motion asserts the following grounds for relief:

(1) Drug chemical analysis;

(2) Crack-cocaine disparity 100 to 1[,] 18 to 1; and

(3) Stagetory [sic] minimum.

(No. 3:22-CV-2782-E-BK, doc. 2 at 7.)  The Government filed a response on February 7, 2023.  (*See id.*, doc. 5.)  Samano-Mancilla did not file a reply.

**II.     SCOPE OF RELIEF UNDER § 2255**

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a defendant has been fairly and finally convicted.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v.*

2

*Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

### III.     INEFFECTIVE ASSISTANCE OF COUNSEL

Although unclear, Samano-Mancilla's first and second grounds appear to challenge the effectiveness of counsel.  (*See* No. 3:22-CV-2782-E-BK, doc. 2 at 7.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697.  The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or

3

the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

### A. Independent Chemical Analysis

In his first ground, Samano-Mancilla complains about a "drug chemical analysis." (No. 3:22-CV-2782-E-BK, doc. 2 at 7.) He contends that he "was never told that I had the right to have an independent chemical analisis [sic] performed on the alleged seized controlled substance." (*Id.*) Samano-Mancilla does not otherwise explain or address this claim.

To the extent the claim can be liberally construed to allege that Samano-Mancilla's counsel never told him about his alleged right to have an independent chemical analysis of the controlled substances relating to his offense, he has not shown that he would be entitled to relief under § 2255 because the claim is conclusory. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"). He does not allege how any failure by counsel to notify him prejudiced his defense, and he provides no facts or evidence showing a reasonable probability that the result of the proceedings would have been different had counsel told him about his alleged right to an independent chemical analysis. He has not satisfied his burden under *Strickland*, and the claim is denied.[2]

---

[2] To the extent Samano-Mancilla intended to allege that the Court or someone else failed to tell him about his alleged right to have an independent chemical analysis performed, his claim is procedurally defaulted because he failed to raise it on appeal of the judgment, and he has not shown cause and prejudice for his default. *See Willis*, 273 F.3d at 595; *Shaid*, 937 F.2d at 232. It also fails because he has not shown that his substantial rights were affected. *See, e.g., Greer v. United States*, 593 U.S. 503, 507-08 (2021) (stating that an error affecting a movant's "'substantial rights'. . . generally means that there must be 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'"). Samano-Mancilla's conclusory claim is therefore denied on these additional bases.

B.     **Crack–Cocaine Disparity**

In his second ground, Samano-Mancilla takes issue with the "crack-cocaine disparity" and contends that the "First Step Act made 18 to 1 disperty [sic] retroactive my counsel never argued it." (No. 3:22-CV-2782-E-BK, doc. 2 at 7.)

Among its provisions, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (FSA), "reduce[d] the crack-to-powder cocaine disparity from 100–to–1 to 18–to–1." *Dorsey v. United States*, 567 U.S. 260, 264 (2012). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (First Step Act), "made the revised crack cocaine minimums established by the [FSA] retroactive." *United States v. Thompson*, 404 F. Supp. 3d 1003, 1006 (W.D. La. 2019).

Here, Samano-Mancilla committed the offense of conviction and was charged and sentenced for same years after both the FSA and the First Step Act went into effect. (*See* doc. 20 at 2; doc. 85.)  The record shows that the PSR applied the 18:1 disparity between crack and cocaine in calculating the converted drug weight attributable to Samano-Mancilla and in determining his guideline sentence. (*See* doc. 42-1 at ¶¶ 17, 23.)  Because the lower 18:1 disparity between crack and cocaine effective under the FSA, and made retroactive by the First Step Act, was applied in the underlying criminal case, Samano-Mancilla's counsel was not deficient for failing to make a futile argument further arguing for the 18:1 disparity. *See Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").  Samano-Mancilla also fails to show resulting prejudice based on counsel's alleged deficiency. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument. . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").  He fails to satisfy both *Strickland* prongs, and this claim is denied.

## IV.  STATUTORY MINIMUM

In his third ground, Samano-Mancilla challenges his "stagetory [sic] minimum," and alleges only that "my sagetory [sic] minimum was 5 years." (No. 3:22-CV-2782-E-BK, doc. 2 at 7.)  The Court understands Samano-Mancilla to be referencing an alleged statutory minimum sentence applicable to him.

Even assuming for purposes of this motion only that this claim is not procedurally barred or waived by the terms of his plea agreement, Samano-Mancilla's conclusory statements are refuted by the record. The record shows that he was convicted of possession with the intent to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. (*See* doc. 20 at 2; doc. 85 at 1.)  His offense of conviction does not carry a statutory minimum sentence, meaning that his minimum sentence was 0 years. *See* 21 U.S.C. § 841(b)(1)(C); (*see also* doc. 31 at 1-2; doc. 42-1 at ¶ 56.)  Accordingly, to the extent he attempts to assert a claim contingent on an alleged statutory minimum sentence of 5 years' imprisonment for his offense of conviction, any such claim is without merit.  Further, any argument that he should have faced a higher 5-year statutory minimum, rather than no statutory minimum at all, is nonsensical at best.  He is not entitled to § 2255 relief on this conclusory and meritless claim, and it is denied.

## V.  EVIDENTIARY HEARING

An evidentiary hearing under § 2255 is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted).  Because Samano-Mancilla has failed to present independent

6

indicia in support of the likely merit of his claims, he has failed to demonstrate he is entitled to an evidentiary hearing.

## VI. CONCLUSION

For the foregoing reasons, Samano-Mancilla's *pro se Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on December 12, 2022 (doc. 2), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 1st day of May, 2024.

ADA BROWN
UNITED STATES DISTRICT JUDGE